No. 8756.

MATILDA VASCOCU, ADMINISTRATRIX, VS. GEORGE WOODWARD, CO-ADMINISTRATOR.

When two suits between the same parties are consolidated, they henceforward form but one, and when thus tried and decided and judgment is rendered, the party cast must appeal from that judgment if he wishes relief.

If in such case the Judge signs another judgment, adapted to one only of these suits, and none is signed in the other but only a bill taken to his refusal to sign it, the appeal taken from the second judgment will not be dismissed, but that judgment will be annulled.

APPEAL from the Tenth District Court, Parish of Red River. *Logan,* J.

*J. H. Pierson* for Plaintiff and Appellant:

A sale by an administrator *ex contractu* is void. 26 An. 660; 7 N. S. 113; 2 La. 328.

Sales of succession property under administration must be preceded by proper appraisement, order and public advertisement. 2 La. 328; 13 An. 548; 20 An. 233; C. C. Arts. 1051, 1057 to 1059, 1167.

A sale of minor's property by tutor, in a private agreement, is absolutely void. 4 La. 269.

Action of rescission begins on the actual coming of age of minor, and is only prescribed in ten years. C. C. 2221.

Whenever an administration is begun, as when there are minors who can only accept with benefit of inventory or majors do accept in like manner, or there are debts, it must be fully closed and settled, and no major heir or tutor for minor can stop the administration or affect it; and that a tutor for a minor is without power to ratify an illegal alienation made by the administrator, and can do no act to affect the minor's interest in the residuum, which begins on a final liquidation and settlement. C. C. 1058; 7 Rob. 24; 10 R. 457; 4 An. 223; 5 An. 304; 2 Hen. Dig. p. 1462, No. 10, and authorities; C. C. Arts. 946; 1033, 1073; 27 An. 352; 29 An. 502; Blake vs. Kearny, 30 An. 389.

A decree setting aside a null agreement enures to the benefit of all interested.

A necessity must exist for a sale of succession property by an administrator, and he is not authorized to provoke such sale to effect a partition among heirs. 22 An. 309; 20 An. 355.

An unfaithful administrator should be removed. 28 An. 784.

*L. B. Watkins, J. F. Pierson* and *W. H. Jack* for Defendant and Appellee.

The opinion of the Court was delivered by

MANNING, J. The plaintiff instituted two suits against the defendant, one to recover damages for an alleged illegal sale of the property of the succession, of which both were administrators, for the nullity of that sale, and the destitution of the defendant of his office, in which suit the property sold was sequestered—the other to prevent the sale of the property of the succession which was then advertised, alleging the previous suit for destitution, etc., and injoining that sale. These suits were numbered 418 and 483 respectively on the docket of the lower court. They were consolidated, tried, and judgment rendered therein. No appeal has been taken from that judgment.

Two other judgments were drafted by the counsel for the party cast,

Vascocu vs. Woodward.

and presented to the Judge for signature, one for each case. He signed the judgment adapted to No. 483, and granted an appeal from it, and the bond was executed. The defendant excepted to this action of the court in signing that judgment on the ground that a judgment had already been rendered and signed, and the court could do nothing more than grant an appeal from it.

But he refused to sign the other paper, prepared for suit No. 418, having come to the conclusion that his power was exhausted, and to this the plaintiff excepted, and incorporated the form of the judgment he had drafted in his bill.

The defendant moves to dismiss the appeal.

It is obvious the judgment in the consolidated cases is not before us for review. No appeal was taken from it—none was asked.

It is equally obvious there is no appeal in the suit No. 418. No judgment was rendered in that suit, separate from the consolidated suits. None was signed, (and under our system judgments in civil suits must be signed) and no proceedings were taken to compel the Judge to sign it, if his refusal was wrongful. As to that case, there is nothing before us but an exception to the Judge's refusal, and if we should consider it well taken, we cannot order him to sign the judgment in this proceeding, and even if we should order him to sign it, that would have to be done in the future, and we cannot consider it done *nunc pro tunc.*

There is then no appeal before us but that taken from the judgment signed in and for suit No. 483, and the motion to dismiss cannot be granted. To dismiss the appeal would leave that judgment intact, and as apparently existing.

---

## On the Hearing.

The consolidation of the two suits was proper and necessary. Thenceforth they constituted one case, were heard together, decided, and are in one transcript. One judgment was rendered, and the appeal should have been taken from it. There was no other judgment rendered—the minutes mention no other—and the Judge should not have signed the paper purporting to be another judgment. It is a nullity and must be so declared. Therefore,

It is ordered and decreed that the judgment, appealed from as having been rendered in suit No. 483 between these parties, is annulled and set aside, the plaintiff and appellant to pay the costs of appeal.

Rehearing refused.